✎ AO 472  (Rev. 3/86)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA
### V.
_____ Lionel Bell _____
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   CR06-69-KAT

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a   ☐ federal offense   ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed   that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the   ☐ date of conviction   ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

    (1) There is probable cause to believe that the defendant has committed an offense
        for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

X  (1) There is a serious risk that the defendant will not appear.
X  (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by        clear and convincing evidence        a preponderance of the evidence: detention is warranted on the basis of failure to appear and danger to the community for the following reasons:
1. Defendant is presently serving a sentence for violating his probation on a 2nd degree assault charge the conviction for which occurred in 2004. The offense for which he violated probation was possession by a person prohibited of a weapon having a prior violent criminal conviction. essentially, defendant is serving time for the same offense.
2. Defendant pled guilty to burglary 3rd in 2002. For that offense he was found in violation of probation 5 times. He was sentenced in September less than a month later was charged with a VOP. That conduct continued on a regular basis for the next 4 years with the last violation occuring on July 12, 2006.
3. Defendant pled guilty to possession of a weapon with a removed or altered serial number in 2001. By September 2002 he was found in VOP and his probation was terminated.
4. In 2000, he was convicted as a juvenile for possession of a non-narcotic schedule I controlled substance.
In summary, defendant is presently serving a prison term for VOP which will continue until April 2007. He has been found in violation of probation 8 times, five of w3hich result in his probation being terminated. In this matter, should defendant be convicted of the offense, he faces a 15 minimum mandatory terms up to life term of imprisonment. His most recent employment occurred in the 2001-2002 time frame.



FILED

SEP 11 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

AO 472  (Rev. 3/86)  Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 11, 2006 | |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).