

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building                                              (302) 573-6277
1007 Orange Street, Suite 700                        FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

December 7, 2006

The Honorable Kent. A. Jordan
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

    Re:    **United States v. Lionel Bell**
            **Criminal Action No.  06-69-KAJ**

Dear Judge Jordan:

    The defendant has agreed to change his plea pursuant to the enclosed Memorandum of Plea Agreement. An original, executed Memorandum will be submitted at the Change of Plea hearing, scheduled for 12:30 p.m. on Friday, December 8, 2006.

                                   Respectfully submitted,

                                   COLM F. CONNOLLY
                                   United States Attorney

                     BY: _____
                                 Ilana H. Eisenstein
                                 Assistant United States Attorney

Enclosure

cc:    James Natalie, Esq.
        Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06-69-KAJ |
| ) | |
| LIONEL BELL ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Ilana H. Eisenstein, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Lionel Bell, by and through his attorney, James A. Natalie, Jr., Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1).

2. The defendant understands that the government will seek to prove that he qualifies for punishment under the Armed Career Criminal Act, Title 18, United States Code, Section 924(e), by establishing that he has at least three prior convictions for a violent felony or serious drug offense, or both, committed on occasions different from one another. The defendant understands that if he qualifies for punishment under the Armed Career Criminal Act, he will be subject to a maximum sentence of life imprisonment, with a minimum sentence of 15 years of imprisonment, a $250,000 fine, or both, five years supervised release, and a $100 special assessment.

3.  The defendant reserves the right to challenge the applicability of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to his sentence. The defendant understands that if he does not qualify for punishment under the Armed Career Criminal Act, then he will be subject to a maximum sentence of a term of imprisonment of ten years, a fine of $250,000, or both, three years supervised release, and a $100 special assessment.

4.  The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) that the defendant knowingly possessed a firearm on or about May 5, 2006; (2) at the time of the defendant's possession of the firearm, he had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

5.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, and will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

6.  The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, Raven Arms Model MP-25 pistol, with the serial number 1459140 and the three rounds of .25 caliber ammunition seized from him by police on May 5, 2006. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of

assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

7.  The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

8.  The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program though which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9.  The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

                                                  COLM F. CONNOLLY
                                                  United States Attorney

_____       By:_____
James A. Natalie, Jr., Esquire                    Ilana H. Eisenstein
Attorney for Defendant                            Assistant United States Attorney


_____
Lionel Bell, Defendant

Dated:


      AND NOW, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                              _____
                                              Honorable Kent A. Jordan
                                              United States District Court