IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-69-GMS |
| | ) | |
| LIONEL BELL | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM ON THE APPLICATION OF 18 U.S.C. § 924(e)

**NOW COMES** the United States of America, by and through its undersigned attorneys, and hereby responds to Defendant's Argument in Opposition to the Application At Sentencing of 18 U.S.C. § 924(e), and respectfully requests that this Court apply the Armed Career Criminal Act to the defendant's sentence.

## STATEMENT OF FACTS

On June 15, 2006, the federal Grand Jury for the District of Delaware returned a one-count Indictment, charging the defendant, Lionel Bell, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On December 8, 2006, the defendant entered a guilty plea to Count One of the Indictment. Under the plea agreement, the defendant reserved his right to challenge the applicability of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), at sentencing. The defendant's relevant criminal history is as follows:

On April 22, 2002, a Delaware Grand Jury returned an eighteen-count Indictment, charging the defendant with, among other things, three felony counts of Burglary in the Third Degree, in

violation of Title 22, Section 824 of the Delaware Code. *See* Burglary Indictment, Gov't Ex. 2. On

May 25, 2002, the defendant pleaded guilty in the Superior Court of the State of Delaware in and for

New Castle County, to three Burglary counts. *See* Burglary Plea Agreement, Gov't Ex. 3; Burglary

Plea Colloquy, Gov't Ex. 4. The Indictment for the first count admitted by the defendant (Count III

of the state Indictment) charges that, on February 12, 2002, the defendant "did knowingly enter or

remain unlawfully in a building located at 1801 N. Broom Street, Wilmington Delaware, with the

intent to commit the crime of Theft therein." Gov't Ex. 2. The second count (Count VII of the state

Indictment) charges that on February 20, 2002, the defendant "did knowingly enter or remain

unlawfully in a building located at 1801 W. 14th Street, Wilmington Delaware, with the intent to

commit the crime of Theft therein." *Id.* The third count (Count XII of the state Indictment) charges

that on February 20, 2002, the defendant "did knowingly enter or remain unlawfully in a building

located at 618 Union Street, Wilmington Delaware, with the intent to commit the crime of Theft

therein." *Id.* The defendant was sentenced concurrently on each count to two years of incarceration,

but this sentence was suspended immediately for six months of work release at supervision Level

4, to be followed by eighteen months of probation at supervision Level 3. *See* Burglary Sentence

and Judgment, Gov't Ex. 5.

On March 2, 2004, the defendant pleaded guilty in the Superior Court of the State of

Delaware in and for New Castle County, to Assault First Degree, in violation of Title 11, 613 of the

Delaware Code, and to Possession of a Firearm during the Commission of a Felony, in violation of

Title 11, Section 1447A of the Delaware Code. *See* Assault Plea Agreement, Gov't Ex. 7. The

assault count of the Indictment charged that, on May 23, 2003, the defendant "did recklessly engage

in conduct which created a substantial risk of death to Joseph Toner, by, *inter alia*, struggling with

him while in possession of a loaded firearm, which conduct caused serious physical injury to Joseph
Turner." *See* Assault Indictment, Gov't Ex. 6. The defendant was sentenced concurrently on each
count to five years of incarceration, which was suspended after serving two years of this term for an
additional year on probation at supervision Level 3. *See* Assault Sentence and Judgment, Gov't Ex.
8.

## ARGUMENT

The defendant appropriately concedes that his conviction for Assault First Degree is a
"violent felony" under the ACCA, but disputes that his three convictions for Burglary Third Degree
so qualify. Defendant Br. at 2. The Government submits that, considering the Indictment, plea
agreement, plea colloquy and certified record of conviction, this Court should find that the
defendant's burglary convictions are "violent felonies" under the ACCA, and therefore, sentence him
as an armed career criminal under the Act.

**A.    *Background on the ACCA***

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides that a defendant
convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), is
subject to a mandatory sentence of 15 years of imprisonment if the defendant has three prior
convictions "for a violent felony or a serious drug offense." The ACCA, in turn, defines a "violent
felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (I) has as
an element the use, attempted use, or threatened use of physical force against the person of another;

3

or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(2)(B).[1]

The ACCA, however, does not further define the term "burglary." In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court adopted the "generic, contemporary meaning of burglary," which "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598.

In addition, *Taylor* adopted the "categorical approach" to determining whether a prior burglary conviction falls within this definition. Under the categorical approach, a sentencing court may look to the fact of conviction and the statutory definition of the offense, and may consider the indictment or information, jury instructions, plea agreement, plea colloquy, or certified records of conviction to show that each of the elements of generic burglary were necessarily found by virtue of the elements of the offense, the facts found by the factfinder, or admissions by the defendant. *See Shepard v. United States*, 544 U.S. 13, 20-21 (2005) (holding that in cases resolved by guilty plea, the sentencing court may also consider the "statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea"); *United States v. Bennett*, 100 F.3d 1105, 1110 (3d Cir. 1996) (finding that all the elements of generic burglary were satisfied, where defense counsel admitted in a letter to Bennett's probation officer, and during his federal sentencing, that Bennett's convictions involved a removal of a window from a Fotomat booth

---

[1]The United States Sentencing Guidelines Section 4B1.4 incorporates Section 924(e), by providing that "[a] defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal," and by specifying a corresponding offense level and criminal history category.

and the theft of film, a burglary from a variety store, and a throwing of a brick through a bakery window.). The categorical approach, however, limits the ability of a sentencing court to consider other extrinsic evidence outside of these enumerated sources to determine whether the prior conviction in fact qualifies as a "violent felony" under the ACCA. *See Shepard*, 544 U.S. at 21 (holding that a sentencing court may not look "beyond conclusive records made or used in adjudicating guilt" under the ACCA).

**B.    *The ACCA Applies to Bell's Three Convictions under Delaware's Third Degree Burglary Statute.***

To determine whether the defendant's three Burglary Third convictions qualify as "violent felonies," this Court must decide if the word "building" in the Delaware indictment, Gov't Ex. 2, has the same meaning as a "building" or structure within the generic definition of burglary. *See Taylor*, 495 U.S. at 598. Thus this case hinges on when a "building" is in fact a building.

The defendant has three prior convictions for Burglary in the Third Degree under Title 11, Section 824 of the Delaware Code. Section 824 provides that "[a] person is guilty of burglary in the third degree when the person knowingly enters or remains unlawfully in a building with intent to commit a crime therein." The Delaware Code further provides, however, that the term "building," "in addition to its ordinary meaning" includes "any structure, vehicle, or watercraft." 11 Del. C. § 222(1). The Government concedes that the Delaware crime of Burglary Third Degree is broader than the generic definition of burglary because it is not limited to structures comprised of walls and a roof, but also includes vehicles and watercraft.[2] Where a state statute "define[s] burglary more

---

[2]In *Bennett*, 100 F.3d 1105, the Third Circuit considered whether three convictions under Pennsylvania's burglary statute constituted predicate offenses under the ACCA. Pennsylvania's burglary statute, 18 Pa. Cons. Stat. Ann. § 3501, is similar in its breadth to Delaware's burglary statute in that it prohibits unlawful entries into "any structure, vehicle, or place adapted for overnight

broadly than Congress's generic definition," a conviction under the statute can nevertheless "serve

as a predicate offense for a Section 924(e) sentence enhancement if the court concludes that the trier

of fact actually found all of the elements of generic burglary in convicting the defendant." *Bennett*,

100 F.3d at 1109.

1.    The Indictment and Plea Colloquy Establish that the Defendant's Three Burglary
      Convictions Meet the Definition of Generic Burglary.

The defendant argues that the plea agreement, Gov't Ex. 3, and plea colloquy, Gov't Ex. 4,

"offer no further information" as to the "nature of the 'building' entered unlawfully." Defendant Br.

at 5. But the plea colloquy as well as the Indictment, Gov't Ex. 2, do provide additional information

establishing that the defendant's crimes involved entry into a building, in the generic sense of the

word.

On April 22, 2002, the defendant was charged in an eighteen count Indictment, which

included three counts each of Burglary Third Degree and conspiracy second degree, five counts of

theft, four counts of Criminal Mischief, and one count of Possession of Burglars' Tools. *See* Gov't

Ex. 2. The defendant pleaded guilty to the three Burglary Third Degree counts, and a *nolle prosequi*

order was entered on the remaining counts of the Indictment. *See* Gov't Ex. 3.

The three burglary charges to which the defendant pleaded guilty, however, go further than

track the statutory language of the Burglary Third Degree statute, 11 Del. C. § 824, because each

count specifies the physical address of the building that the defendant unlawfully entered. *See* Gov't

---

accommodation of persons, or for carrying on business therein." The Third Circuit found that
Pennsylvania's statute was broader than generic burglary because it included vehicles adapted for
overnight accommodation, and because it included "*any* place adapted for 'carrying on business' .
. . which are not always confined to structures made up of walls and a roof." *Id.* at 1109.

Ex. 2. Similarly, during the plea colloquy, the defendant agreed that "[he] or one of the other co-defendants" "knowingly and unlawfully entered a building located at 1801 North Broom Street, intending to steal something" as to Count III of the Indictment; "entered or remained unlawfully in 1801 West Broom Street, with intent to commit theft,"as to Count VII of the Indictment; and "did knowingly . . . enter[] or remain[] unlawfully in a building known [as] 1618 Keen Street, with intent to commit a crime of theft," as to Count XII of the Indictment. *See* Gov't Ex. 4.

The defense asserts, without support, that this same language would have been used even if the crime involved entry into a vehicle, and that it is not Delaware practice to "spell[] out what the so-called 'building' was." Defendant Br. at 5. But in this case, the Indictment and the plea colloquy did spell out what the "building" was — it was a physical location at a specified address. *Compare Williams v. State*, 884 A.2d 512, 2005 WL 2414375, at *2 n.6 (Del. Supr. 2005) (substituting the term "vehicle" for "building" in the Burglary Third Degree statute, 11 Del. C. § 824, in a case involving a vehicle break-in: "A person is guilty of burglary in the third degree when the person knowingly enters or remains unlawfully in a [vehicle] with intent to commit a crime therein."). The plea colloquy, moreover, would make little sense if the court was actually referring to a vehicle rather than a structure. In particular, in discussing Count XII of the Indictment, the court referred to the "building known [as] 1618 Keen Street," Gov't Ex. 4 — a statement which can only be interpreted as referring to a physical structure at that address.

7

By consulting other charges in the Indictment,[3] it is apparent that the term "building," as used in this case, connotes its commonly understood meaning — a structure with four walls and a roof, located at a particular address — rather than the technical, statutory definition. For example, Count VIII of the Indictment, which charged the defendant with Possession of Burglars' Tools, specifies that the defendant possessed a flashlight and bolt cutters, "whiling breaking into a building and removing a safe." *See* Gov't Ex. 2. It is nonsensical to suggest that the use of bolt cutters to break into a building and remove a safe could apply to a vehicle. In this context, the term "building" clearly refers to an actual physical structure, fitting within the generic definition of burglary.

Indeed, it is plain that it is Delaware practice to specify when a crime occurred in relation to a vehicle or other item, rather than a building. For example, in the counts of the Indictment that charged the defendant with Theft and Criminal Mischief, the Indictment specifies that the crimes involved: a "1994 Jeep Cherokee belonging to Traci Parman" (Counts I and II), "United States currency and two safes belonging to the Salesianum School" (Count IV), "property consisting of safes, doors, and food belonging to Salesianum School" (Count V), "United States Currency and a safe belonging to Kid Shalleens" (Count IX), "property consisting of doors and windows belonging

---

[3]While the Third Circuit has not addressed the issue, other courts of appeals have recognized that a court may, consistent with the categorical approach, consider extrinsic evidence for the limited purpose of interpreting the meaning of the indictment or plea agreement. *See United States v. Beasley*, 442 F.3d 386, 392-93 (6th Cir. 2006) (permitting a district court "called upon to determine precisely what state court offense was reflected in the 'CA:M2' notation on Defendant's judgment of conviction . . . to consult[] reliable sources-or, indeed, apply[] basic common sense-to resolve such questions about the proper interpretation of words or notations that appear on the face of a judgment."); *see also United States v. Redding*, 16 F.3d 298, 303 (8th Cir. 1994) (permitting the sentencing court to consult the date of conviction, case number, length and type of sentence, and the name of the sentencing judge to show that a prior conviction in another name was in fact the defendant's conviction which could be used to enhance his sentence under the ACCA).

to Kid Shalleens" (Count XI), "United States Currency and a change box belonging to the Dead Presidents Pub" (Count XIII), and "doors and a safe belonging to the Dead Presidents Pub" (Count XV). Gov't Ex. 2. The Indictment therefore consistently uses terms in the commonly understood meaning of words.

Given the specification of a particular address, the wording of the plea colloquy, and the practice of using plain language in the Indictment, it is apparent that the defendant's three convictions for Burglary Third Degree meet the elements of generic burglary and qualify as "violent felonies" under the ACCA.

2.     Alternatively, the Defendant's Convictions Fall Within the ACCA's "Residual Provision" as They Presented a Serious Potential Risk of Physical Injury to Another.

*Taylor* limited its holding to a determination of "what offenses should count as 'burglaries' for enhancement purposes," and noted that "[t]he Government remains free to argue that any offense-including offenses similar to generic burglary-should count towards enhancement as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another' under § 924(e)(2)(B)(ii)." *Taylor v. United States*, 495 U.S. at 600 n.9. Therefore, even if the defendant's prior convictions do not meet the definition of generic burglary, they do qualify as crimes which "present[] a serious potential risk of physical injury to another," and thus constitute "violent felonies" under the "residual provision" of the ACCA, 18 U.S.C. § 924(2)(B)(ii).

In April, 2007, the Supreme Court recently applied this provision, holding that unlawful entry into the enclosed curtilage surrounding a residence qualifies as a predicate offense under the ACCA, not as "burglary," but under the "residual provision," which encompasses crimes that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *James v. United States*, 127 S.Ct. 1586, 1599-1600 (April 18, 2007). *James* also relied on that provision in holding

that attempted burglary is a "violent felony." Even though the Court recognized that attempted burglary is not "burglary," it found that it nevertheless qualified as a violent felony because such attempts involve the same risks of physical injury as the completed offense. The Court found that "[t]he main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party-whether an occupant, a police officer, or a bystander-who comes to investigate." *Id.*

At a minimum, the Indictment and plea colloquy make clear that the defendant unlawfully entered a particular address, with the intent to commit a crime of theft inside. Such actions present at least the same risks of physical confrontation and thus, physical injury, as the attempted burglary and entry onto the curtilage presented in *James*, and therefore constitute "violent felonies" under the ACCA.[4] *See, e.g., United States v. Bockes*, 447 F.3d 1090, 1092 (8th Cir. 2006) (holding that Missouri offense of vehicle tampering by operation is a "violent felony" under the ACCA's residual clause because it "creates the risk of a violent confrontation with the vehicle's owner or with law enforcement, places the criminal in control of a potentially deadly or dangerous weapon, and makes it likely that 'the thief may be pursued, or perceive a threat of pursuit, and drive recklessly, turning any pursuit into a high-speed chase with potential harm to innocent people, to the police, and to the thief himself.'").

3.    It is the Federal, Not the State Definition of "Violent Felony" That Controls

---

[4]This result is not foreclosed by *Bennett*, which did not "reach the issue of whether a conviction under Pennsylvania's burglary statute automatically qualifies as a § 924(e) 'violent felony' as a crime 'otherwise involv[ing] conduct that presents a serious risk of physical injury to another,'" because the court found the record "sufficient to demonstrate all of the elements of generic burglary for each of Bennett's burglary convictions." 100 F.3d at 1110 n.2.

The defendant contends that Burglary Third Degree can never constitute a "violent felony"

under the ACCA because Delaware has classified Burglary Third Degree as a "non-violent" felony,

in contrast to Burglary First and Second Degree which Delaware classifies as "violent felonies." In

applying the statutory definition of "violent felony" under a federal statute, however, the state's

classification of the crimes is not relevant. Rather, it is the elements of the state offense, and the

facts otherwise proven or admitted by the defendant, not the state's label or classification of the

offense, which are determinative. Thus the Supreme Court held in *Taylor*,

> It seems to us to be implausible that Congress intended the meaning of
> "burglary" for purposes of § 924(e) to depend on the definition adopted by
> the State of conviction. That would mean that a person convicted of
> unlawful possession of a firearm would, or would not, receive a sentence
> enhancement based on exactly the same conduct, depending on whether the
> State of his prior conviction happened to call that conduct "burglary."
>
> * * *
>
> We think that "burglary" in § 924(e) must have some uniform definition
> independent of the labels employed by the various States' criminal codes.

495 U.S. at 590-92; *see also United States v. Sacko*, 247 F.3d 21, 25 (1st Cir. 2001) ("[B]ecause a

state's classification of a crime generally reflects different policy considerations than the federal

classification, it is simply not relevant to the determination of whether a crime is a 'violent felony'"

under federal law); *United States v. Baskin*, 886 F.2d 383, 389 (D.C. Cir. 1989) (holding that a state

offense is a crime of violence if it meets the sentencing guidelines' definition regardless of how the

state may characterize the crime for its own purposes).[5]

---

[5]It is also worth noting that both Burglary First Degree and Burglary Second Degree are
apparently broader than the generic definition of "burglary." Burglary Second Degree applies to
entries into "dwellings" *or* "buildings," when the defendant is armed with a deadly weapon, or
causes physical injury to another. 11 Del. C. § 825. Burglary First Degree requires entry into a
"dwelling at night," and the use of a deadly weapon or physical injury to another. 11 Del. C. § 826.

## CONCLUSION

The Government respectfully requests that this Court find that the defendant's three burglary convictions, in addition to his prior assault conviction, qualify as predicate offenses under the ACCA, and sentence him as an armed career criminal under the Act.

Respectfully submitted,

COLM F. CONNOLLY
UNITED STATES ATTORNEY

BY: _____
Ilana H. Eisenstein
Assistant United States Attorney

Dated: May 3, 2007.

---

However, Delaware law defines "dwelling" as "a *building* which is usually occupied by a person lodging therein at night." 11 Del. C. § 929 (emphasis added). Since "building" includes watercraft and vehicles, none of Delaware's burglary statutes would automatically qualify as "violent felonies" under the ACCA, unless it is shown, as here, that there was unlawful entry into a building, in its generic sense, or that they meet the standard of the ACCA's residual provision for "crimes that presents a serious potential risk of physical injury to another."

12

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-69-GMS |
| | ) | |
| LIONEL BELL, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Jennifer Brown, an employee in the Office of the United States Attorney, hereby certify under penalty of perjury that on May 2, 2007, I electronically filed:

## GOVERNMENT'S SENTENCING MEMORANDUM ON
## THE APPLICATION OF 18 U.S.C. §924(e)

with the Clerk of Court using CM/ECF. Said document is available for viewing and downloading from CM/ECF, which will send notification of such filing(s) to the following:

James A. Natalie, Jr., Esquire
Woloshin Lynch, Natalie & Gagne, PA
3200 Concord Pike
Wilmington, DE 19803

/s/Jennifer Brown
Jennifer Brown

## APPENDIX

### TABLE OF GOVERNMENT EXHIBITS

| Exhibit | Description |
| --- | --- |
| 1 | Burglary Docket Sheet |
| 2 | Burglary Indictment, April 22, 2002 |
| 3 | Burglary Plea Agreement, September 2, 2002 |
| 4 | Burglary Plea Colloquy Transcript, September 5, 2002 |
| 5 | Burglary Judgment and Sentencing Order, September 5, 2002 |
| 6 | Assault Indictment, September 22, 2003 |
| 7 | Assault Plea Agreement, March 2, 2004 |
| 8 | Assault Judgment and Sentencing Order, March 2, 2004 |

# GOVERNMENT EXHIBIT 1

SU      IOR COURT CRIMINAL DOCKET                    Page      1
( as of   05/18/2006 )

State of Delaware v.   LIONEL BELL                        DOB: 11/23/1982
State's Atty: , Esq.
Defense Atty: KEVIN J O'CONNELL , Esq.          AKA: LIONEL M BELL
                                                     LIONEL M BELL


Co-Defendants:   KEENO EXUM , JULIUS WILSON
Co-Defendants:   KEENO EXUM , LIONEL BELL
Co-Defendants:   JULIUS WILSON

Assigned Judge:

Charges:

| Count | DUC# | Crim.Action# | Description | Dispo. | Dispo. Date |
|-------|------|--------------|-------------|--------|-------------|
| 001 | 0202014552 | IN02041730W | BURGLARY 3RD | PG | 09/05/2002 |
|     | 0202014552 | VN0204173001 | VIOL O/PROBATN | VF | 10/01/2002 |
|     | 0202014552 | VN0204173002 | VIOL O/PROBATN | VF | 03/20/2003 |
|     | 0202014552 | VN0204173003 | VIOL O/PROBATN | VF | 06/27/2003 |
|     | 0202014552 | VN0204173004 | VIOL O/PROBATN | VF | 03/02/2004 |
| 002 | 0202014552 | IN02041731W | CRIM MISC>1500 | NOLP | 09/05/2002 |
| 003 | 0202014552 | IN02041732W | CONSPIRACY SECO | NOLP | 09/05/2002 |
| 004 | 0202014552 | IN02041733W | THEFT SENIOR | NOLP | 09/05/2002 |
| 005 | 0202014552 | IN02041734W | BURGLARY 3RD | PG | 09/05/2002 |
|     | 0202014552 | VN0204173401 | VIOL O/PROBATN | VF | 10/01/2002 |
|     | 0202014552 | VN0204173402 | VIOL O/PROBATN | VF | 03/20/2003 |
|     | 0202014552 | VN0204173403 | VIOL O/PROBATN | VF | 06/27/2003 |
|     | 0202014552 | VN0204173404 | VIOL O/PROBATN | VF | 03/02/2004 |
| 006 | 0202014552 | IN02041735W | POSS BURG TOOLS | NOLP | 09/05/2002 |
| 007 | 0202014552 | IN02041736W | THEFT SENIOR | NOLP | 09/05/2002 |
| 008 | 0202014552 | IN02041737W | CONSPIRACY SECO | NOLP | 09/05/2002 |
| 009 | 0202014552 | IN02041738W | CRIM MISC <1000 | NOLP | 09/05/2002 |
| 010 | 0202014552 | IN02041739W | BURGLARY 3RD | PG | 09/05/2002 |
|     | 0202014552 | VN0204173901 | VIOL O/PROBATN | VF | 10/01/2002 |
|     | 0202014552 | VN0204173902 | VIOL O/PROBATN | VF | 03/20/2003 |
|     | 0202014552 | VN0204173903 | VIOL O/PROBATN | VF | 06/27/2003 |
|     | 0202014552 | VN0204173904 | VIOL O/PROBATN | VF | 03/02/2004 |
|     | 0202014552 | VN0204173905 | VIOL O/PROBATN | VF | 10/25/2005 |
|     | 0202014552 | VN0204173906 | VIOL O/PROBATN |  |  |
| 011 | 0202014552 | IN02041740W | THEFT SENIOR | NOLP | 09/05/2002 |
| 012 | 0202014552 | IN02041741W | CONSPIRACY SECO | NOLP | 09/05/2002 |
| 013 | 0202014552 | IN02041742W | CRIM MISC <1000 | NOLP | 09/05/2002 |
| 014 | 0202014552 | IN02041743W | BURGLARY 3RD | NOLP | 09/05/2002 |
| 015 | 0202014552 | IN02041744W | CONSPIRACY SECO | NOLP | 09/05/2002 |
| 016 | 0202014552 | IN02041745W | THEFT < $1000 | NOLP | 09/05/2002 |
| 017 | 0202014552 | IN02041764W | THEFT SENIOR | NOLP | 09/05/2002 |
| 018 | 0202014552 | IN02041765W | CRIM MISCH>1500 | NOLP | 09/05/2002 |

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|

EXHIBIT #  2

SUPERIOR COURT CRIMINAL DOCKET                          Page    2
( as of  05/18/2006 )

State of Delaware v.  LIONEL BELL
State's Atty: , Esq.                                         DOB: 11/23/1982
Defense Atty: KEVIN J O'CONNELL , Esq.          AKA: LIONEL M BELL
                                                     LIONEL M BELL

|  No. | Event Date | Event | Judge |
|------|-----------|-------|-------|
| 1 | 04/22/2002 | CASE CONSOLIDATED WITH:0203006031 | |
| 2 | 04/22/2002 | INDICTMENT, TRUE BILL FILED.NO 36 ARRAIGNMENT AND BAIL REPRESENTATION 5/3/02 AT 8:30 CASE REVIEW 6/3/02 AT 9:00 | |
| 3 | 04/22/2002 | AUTHORIZATION FOR EXTRADITION. | |
| 4 | 04/22/2002 | RULE 9 WARRANT ISSUED. | |
| 5 | 04/24/2002 | NOTICE OF SERVICE - DISCOVERY RESPONSE | |
| 6 | 04/24/2002 | SUMMONS MAILED. | |
| 7 | 05/03/2002 | ARRAIGNMENT CALENDAR, CONTINUED. 051702 FOR SHER.SERV. | REYNOLDS MICHAEL P. |
| 8 | 05/08/2002 | SUMMONS SERVED BY SHERIFF. | |
| 9 | 05/13/2002 | SUMMONS SENT BY SHERIFF RETURNED. NON EST. - LEFT COPY 5/10/02 | |
| 10 | 05/28/2002 | RULE 9 WARRANT RETURNED, BAIL SET AT JP COURT 20 SECURED BAIL-RELEASED          5,000.00 100% UNSECURED BOND            12,000.00 100% | |
| 11 | 06/19/2002 | SUMMONS MAILED. | GEBELEIN RICHARD S. |
| 12 | 06/24/2002 | FAST TRACK CALENDAR CAPIAS ORDERED. | GEBELEIN RICHARD S. |
| 13 | 06/27/2002 | CAPIAS RETURNED IN SUPERIOR COURT. BAIL SAME AS PREV. SET & POSTED SECURED BAIL-RELEASED          5,000.00 100% UNSECURED BOND            12,000.00 100% RTSC WITHDRAWN FVCR 7/15/02 AT 2:00 | REYNOLDS MICHAEL P. |
| 14 | 07/10/2002 | SUMMONS MAILED. | GEBELEIN RICHARD S. |
|  | 07/15/2002 | FAST TRACK CALENDAR/CASE REVIEW:  SET FOR FAST TRACK FINAL CASE REVIEW ON:07/25/02 | GEBELEIN RICHARD S. |

ERIOR COURT CRIMINAL DOCKET
( as of  05/18/2006 )                           Page      3

State of Delaware v.  LIONEL BELL
State's Atty: , Esq.                                           DOB: 11/23/1982
Defense Atty: KEVIN J O'CONNELL , Esq.      AKA: LIONEL M BELL
                                                  LIONEL M BELL

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|
| | 07/25/2002 | | |
| | | FAST TRACK CALENDAR/FINAL CASE REVIEW:  CONT'D, COURT'S REQUEST--LACK OF JUDGES | |
| | 08/08/2002 | | GEBELEIN RICHARD S. |
| 15 | 08/08/2002 | FAST TRACK CALENDAR/FINAL CASE REVIEW:  CAPIAS ORDERED | GEBELEIN RICHARD S. |
| 16 | 08/12/2002 | RULE TO SHOW CAUSE RETURNED_SIGNED BY LORIN JONES, BONDSMAN. | REYNOLDS MICHAEL P. |
| | | CAPIAS RETURNED IN SUPERIOR COURT. | |
| | | BAIL SAME AS PREV. SET & POSTED | |
| | | SECURED BAIL-RELEASED | |
| | | UNSECURED BOND                5,000.00 100% | |
| | | RTSC WITHDRAWN               12,000.00 100% | |
| | | FVCH  9/5/02 AT 9:30 | |
| | 08/12/2002 | | |
| | | BAIL FORFEITURE HEARING:  MOOT | |
| 17 | | REASON: RTSC WITHDRAWN AT CAPIAS RETURN ON 8/12/02 | |
| | 09/05/2002 | | GEBELEIN RICHARD S. |
| 20 | 09/05/2002 | FAST TRACK CALENDAR/FINAL CASE REVIEW:  PLED/SENTENCED IMMEDIATELY | GEBELEIN RICHARD S. |
| 18 | 09/13/2002 | SENTENCE: ASOP ORDER SIGNED AND FILED 11/20/02 | |
| | | ADMINISTRATIVE WARRANT FILED - LEVEL (3). | SILVERMAN FRED S. |
| | | PROBATION OFFICER: M. LENHARDT | |
| | | BAIL SET:  SECURED BAIL-HELD | |
| | 09/13/2002 | 20,000.00 | |
| | | OPERATION SAFE STREETS VOP HEARING:  MOVED TO NEW TRACK. | SILVERMAN FRED S. |
| 19 | 10/01/02 VOP W/RSG | | |
| | 09/26/2002 | | |
| | | ORDER SCHEDULING TRIAL FILED. | |
| | | TRIAL DATE:_11/26/02 | |
| | | CASE CATEGORY:__2 | |
| | | ASSIGNED JUDGE (CATEGORY 1 CASES ONLY): | |
| | | UNLESS THE COURT IS ADVISED WITHIN 2 WEEKS OF THE UNAVAILABILITY OF NECESSARY WITNESSES, THE COURT WILL CONSIDER THE MATTER READY FOR TRIAL.  ABSENT EXCEPTIONAL CIRCUMSTANCES, RESCHEDULING OR CONTINUANCE REQUESTS WILL BE DENIED. | |
| | 10/01/2002 | | |
| | | VIOLATION-OF-PROBATION HEARING:  DEFENDANT FOUND IN VIOLATION. | ABLEMAN PEGGY L. |
| 21 | | SENTENCED. | |
| | 03/20/2003 | | |
| | | OPERATION SAFE STREETS HEARING:  DEFENDANT FOUND IN VIOLATION. | |

S'  RIOR COURT CRIMINAL DOCKET                    Page    4
( as of  05/18/2006 )

State of Delaware v.  LIONEL BELL
State's Atty: , Esq.                                              DOB: 11/23/1982
Defense Atty: KEVIN J O'CONNELL , Esq.          AKA: LIONEL M BELL
                                                      LIONEL M BELL

|  | Event | | |
|---|---|---|---|
| No. | Date | Event | Judge |

SENTENCED.
22    03/20/2003
           ADMINISTRATIVE WARRANT FILED - LEVEL (3).
           PROBATION OFFICER: DAVID COLE
23    03/20/2003
                                                      HERLIHY JEROME O.
           SENTENCE: ASOP VOP ORDER SIGNED AND FILED 04/30/03.
24    06/03/2003
                                                      GEBELEIN RICHARD S.
           VIOLATION-OF-PROBATION REPORT FILED:  CAPIAS REQUESTED.
           PROBATION OFFICER: DAVID C. COLE
           LEVEL: III
25    06/11/2003
                                                      WHITE DAVID A.
           CAPIAS RETURNED IN SUPERIOR COURT.
           BAIL SET AT:
           CASH BAIL
           COND: REPORT TO P.O. WITHIN 48 HOURS OF RELEASE    2,500.00 100%
           VOP 6/27/03 AT 9:30 BEFORE J. GEBELEIN
      06/27/2003
                                                      GEBELEIN RICHARD S.
           VIOLATION-OF-PROBATION HEARING:  DEFENDANT FOUND IN VIOLATION.
           SENTENCED.
26    06/27/2003
                                                      GEBELEIN RICHARD S.
           SENTENCE: VOP ASOP ORDER SIGNED AND FILED 7/10/03
27    01/08/2004
                                                      GEBELEIN RICHARD S.
           MODIFIED SENTENCE:  ASOP ORDER SIGNED AND FILED 1/15/04
           RESTITUTION
28    03/02/2004
                                                      HERLIHY JEROME O.
           VIOLATION-OF-PROBATION HEARING:  DEFENDANT FOUND IN
           VIOLATION. SENTENCED.
29    03/02/2004
                                                      HERLIHY JEROME O.
           VOP ASOP ORDER SIGNED AND FILED ON 3-26-04.
31    10/17/2005
                                                      REYNOLDS MICHAEL P.
           COMMITMENT TO DEPARTMENT OF CORRECTION.
30    10/18/2005
                                                      REYNOLDS MICHAEL P.
           ADMINISTRATIVE WARRANT FILED - LEVEL ( ).
           PROBATION OFFICER:
           BAIL HEARING HELD THIS DATE AND BAIL SET ON VOPS AS FOLLOWS:
           BAIL SET:  HELD WITHOUT BAIL                      0.00
           VOP 10/25/05 @ 9:00
      10/25/2005
                                                      CARPENTER WILLIAM C. JR.
           VIOLATION-OF-PROBATION HEARING: DEFENDANT FOUND IN VIOLATION. CONTINUED
           ON PROBATION (WITH OR WITHOUT) MODIFICATION.
33    10/25/2005
                                                      CARPENTER WILLIAM C. JR.

SUPERIOR COURT CRIMINAL DOCKET
( as of  05/18/2006 )

Page     5

State of Delaware v.   LIONEL BELL
State's Atty: , Esq.                                                    DOB: 11/23/1982
Defense Atty: KEVIN J O'CONNELL , Esq.      AKA: LIONEL M BELL
                                                 LIONEL M BELL

| No. | Event Date | Event | Judge |
|-----|-----------|-------|-------|
| | | SENTENCE: VOP ASOP ORDER SIGNED AND FILED ON 11/10/05. | |
| 32 | 10/31/2005 | | CARPENTER WILLIAM C. JR. |
| | | VIOLATION-OF-PROBATION REPORT FILED:  SUMMONS REQUESTED. | |
| | | PROBATION OFFICER: KENNETH D. MCDOWELL | |
| | | LEVEL: 4 | |
| | | VOP HEARING HELD ON 10/25/05. | |
| 34 | 04/13/2006 | | CARPENTER WILLIAM C. JR. |
| | | VIOLATION-OF-PROBATION REPORT FILED:  SUMMONS REQUESTED. | |
| | | PROBATION OFFICER: WILLIAM COYLE | |
| | | LEVEL: 3 | |
| | | VOP HEARING: 04/28/06 @9 AM. | |
| | 04/25/2006 | | |
| | | VOP SENTENCING CALENDAR, CAPIAS ORDERED. | CARPENTER WILLIAM C. JR. |
| | | $2,500.00 CASH. | |
| 35 | 05/06/2006 | | |
| | | CAPIAS RETURNED IN JP COURT #20. | |
| | | BAIL SET AT: HELD ON CASH BOND: 2,500 | |
| | | SUPERIOR COURT CAPIAS RETURN SCHEDULED FOR: 05/08/2006 @8:30AM | |
| 36 | 05/08/2006 | | REYNOLDS MICHAEL P. |
| | | CAPIAS RETURNED IN SUPERIOR COURT. | |
| | | BAIL SET AT: | |
| | | CASH BAIL | |
| | | VOP 5/16/06 @ 9:00 | 2,500.00 100% |
| 37 | 05/08/2006 | | REYNOLDS MICHAEL P. |
| | | COMMITMENT TO DEPARTMENT OF CORRECTION FILED. (HRYCI) | |

                *** END OF DOCKET LISTING AS OF  05/18/2006 ***
                    PRINTED BY: CSCMMON

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY *[signature]*

# GOVERNMENT EXHIBIT 2

36

RULE 9 WARRANT - BELL

RULE 9 SUMMONS - EXUM AND WILSON

FILED
PROTHONOTARY
2002 AP 22 PM 1:19

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                          :

    V.                                     :
                                           :    INDICTMENT BY THE GRAND JURY
~~LIONEL BELL~~                            :    _Lead_
KEENO EXUM                                 :    I.D. ~~0202014553~~ and 0203006031
JULIUS WILSON                              :         0202014531 and 0203006009
                                           :         0202014553 and 0203006034

The Grand Jury charges ~~LIONEL BELL~~, KEENO EXUM AND JULIUS WILSON

with the following offenses:

### COUNT I.  A FELONY

~~ID No~~ 02 - 04 - 1764w

#N _____

#N _____

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

~~LIONEL BELL~~, KEENO EXUM AND JULIUS WILSON, on or about the 12th day of

February, 2002, in the County of New Castle, State of Delaware, did take, exercise control over

or obtain with intent to appropriate, property consisting of a 1994 Jeep Cherokee belonging to

Traci Parman and valued at greater than $500.00.

## COUNT II.  A FELONY

#N 02 - 04 - 1765w

#N _____

#N _____

CRIMINAL MISCHIEF in violation of Title 11, Section 811 of the Delaware Code of 1974, as amended.

██████ BELL, KEENO EXUM AND JULIUS WILSON, on or about the 12th day of February, 2002, in the County of New Castle, State of Delaware, did intentionally cause damage to property consisting of a 1994 Jeep Cherokee belonging to Traci Parman and valued in excess of $1,500.00.

## COUNT III.  A FELONY

#N 02 - 04 - 1730 w

#N _____

#N _____

BURGLARY THIRD DEGREE in violation of Title 11, Section 824 of the Delaware Code of 1974, as amended.

██████ BELL, KEENO EXUM AND JULIUS WILSON, on or about the 12th day of February, 2002, in the County of New Castle, State of Delaware, did knowingly and unlawfully enter a building located at 1801 N. Broom Street, Wilmington, Delaware, with the intent to commit the crime of theft therein.

## COUNT IV.  A FELONY

#N 02 - 04 - 1733 w

#N _____

#N _____

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

~~LIONEL BELL~~L, KEENO EXUM AND JULIUS WILSON, on or about the 12th day of February, 2002, in the County of New Castle, State of Delaware, did take, exercise control over or obtain with intent to appropriate, property consisting of United States currency and two safes belonging to Salesianum School and valued at greater than $1,000.00.

## COUNT V.  A FELONY

#N 02 - 04 - 1731 w

#N _____

#N _____

CRIMINAL MISCHIEF in violation of Title 11, Section 811 of the Delaware Code of 1974, as amended.

~~LIONEL BELL~~ KEENO EXUM AND JULIUS WILSON, on or about the 12th day of February, 2002, in the County of New Castle, State of Delaware, did intentionally cause damage to property consisting of safes, doors and food belonging to Salesianum School and valued at in excess of $1,500.00.

## COUNT VI.  A FELONY

#N 2 - 04 - 1732 w

#N _____

#N _____

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware Code of 1974, as amended.

████████ KEENO EXUM AND JULIUS WILSON, on or about the 12th day of February, 2002, in the County of New Castle, State of Delaware, when intending to promote the commission of a Felony, Burglary Third Degree and/or Theft and/or Criminal Mischief, did agree with each other to engage in conduct constituting said felonies and defendant and/or co-defendant, with whom the defendant conspired, did commit an overt act in pursuance of said conspiracy.

## COUNT VII.  A FELONY

#N 2 - 04 - 1734 w

#N _____

#N _____

BURGLARY THIRD DEGREE in violation of Title 11, Section 824 of the Delaware Code of 1974, as amended.

████████, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of February, 2002, in the County of New Castle, State of Delaware, did knowingly enter or remain unlawfully in a building located at 1801 W. 14th Street, Wilmington, Delaware, with the intent to commit the crime of Theft therein.

## COUNT VIII.  A FELONY

#N OL - O4 - 1735 w

#N _____

#N _____

POSSESSION OF BURGLAR'S TOOLS in violation of Title 11, Section 828 of the

Delaware Code of 1974, as amended.

██████ L, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of

February, 2002, in the County of New Castle, State of Delaware, did possess a flashlight and bolt

cutters, tools commonly used to facilitate offenses involving unlawful entry onto premises, whiling

breaking into a building and removing a safe, thus evincing an intent to use said tools in the

commission of such offense.

## COUNT IX.  A FELONY

#N OL - O4 - 1736 w

#N _____

#N _____

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

██████, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of

February, 2002, in the County of New Castle, State of Delaware, did take, exercise control over

or obtain with intent to appropriate, property consisting of United States currency and a safe

belonging to Kid Shalleens and valued at greater than $1,000.00.

## COUNT X.  A FELONY

~~2~~ - 04 - 1737 w

#N _____

#N _____

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware Code of 1974, as amended.

~~LIONEL BELL~~, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of February, 2002, in the County of New Castle, State of Delaware, when intending to promote the commission of a Felony, Burglary Third Degree and/or Theft and/or Possession of Burglar's Tools, did agree with each other to engage in conduct constituting said felony and defendant and/or co-defendant, with whom the defendant conspired, did commit an overt act in pursuance of said conspiracy.

## COUNT XI.  A MISDEMEANOR

~~2~~ - 04 - 1738 w

#N _____

#N _____

CRIMINAL MISCHIEF in violation of Title 11, Section 811 of the Delaware Code of 1974, as amended.

~~LIONEL BELL~~ KEENO EXUM AND JULIUS WILSON, on or about the 20th day of February, 2002, in the County of New Castle, State of Delaware, did intentionally cause damage to property consisting of doors and windows belonging to Kid Shalleens and valued at less than $1,000.00.

## COUNT XII.  A FELONY

#IN 02-04-1739 w

#N _____

#N _____

BURGLARY THIRD DEGREE in violation of Title 11, Section 824 of the Delaware Code

of 1974, as amended.

LIONEL BELL, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of

February, 2002, in the County of New Castle, State of Delaware, did knowingly enter or remain

unlawfully in a building located at 618 Union Street, Wilmington, Delaware, with the intent to

commit the crime of Theft therein.

## COUNT XIII.  A FELONY

#N 02-04-1740 w

#N _____

#N _____

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

LIONEL BELL, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of

February, 2002, in the County of New Castle, State of Delaware, did take, exercise control over

or obtain with intent to appropriate, property consisting of United States currency and a change

box belonging to Dead Presidents Pub and valued at greater than $1,000.00.

## COUNT XIV.  A FELONY

#N 02 - 04 - 1741w

#N _____.

#N _____.

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware

Code of 1974, as amended.

████████, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of

February, 2002, in the County of New Castle, State of Delaware, when intending to promote the

commission of a Felony, Burglary Third Degree and/or Theft did agree with each other to engage

in conduct constituting said felony and defendant and/or co-defendant, with whom the defendant

conspired, did commit an overt act in pursuance of said conspiracy.

## COUNT XV.  A MISDEMEANOR

#N 02 - 04 - 1742w

#N _____.

#N _____.

CRIMINAL MISCHIEF in violation of Title 11, Section 811 of the Delaware Code of 1974,

as amended.

████████, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of

February, 2002, in the County of New Castle, State of Delaware, did intentionally cause damage to

property consisting of doors and a safe belonging to Dead Presidents Pub and valued at less than

$1,000.00.

## COUNT XVI.  A FELONY

02 - 04 - 1743 w

.#N _____

#N _____

BURGLARY THIRD DEGREE in violation of Title 11, Section 824 of the Delaware Code of 1974, as amended.

████████ BELL, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of February, 2002, in the County of New Castle, State of Delaware, did knowingly enter or remain unlawfully in a building located at 906 Union Street, Wilmington, Delaware, with the intent to commit the crime of Theft therein.

## COUNT XVII.  A FELONY

02 - 04 - 1744 w

#N _____

#N _____

CONSPIRACY SECOND DEGREE in violation of Title 11, Section 512 of the Delaware Code of 1974, as amended.

████████ BELL, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of February, 2002, in the County of New Castle, State of Delaware, when intending to promote the commission of a Felony, Burglary Third Degree, did agree with each other to engage in conduct constituting said felony and defendant and/or co-defendant with whom the defendant conspired, did commit an overt act in pursuance of said conspiracy.

COUNT XVIII.  A MISDEMEANOR

IN CR - 04 - 1745w

#N _____

#N _____

THEFT in violation of Title 11, Section 841 of the Delaware Code of 1974, as amended.

LIONEL HALL, KEENO EXUM AND JULIUS WILSON, on or about the 20th day of

February, 2002, in the County of New Castle, State of Delaware, did take, exercise control over

or obtain with intent to appropriate, property consisting of United States currency belonging to

Kozy Korner and valued at less than $1,000.00.

A TRUE BILL

_____
(FOREPERSON)

_____
ATTORNEY GENERAL

_____
DEPUTY ATTORNEY GENERAL

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY _____

# GOVERNMENT EXHIBIT 3

Superior Cou      the State of Delaware, _____ _____ County

# PLEA AGREEMENT

State of Delaware v. _Lionell Bell_

Case No(s): _0203017273_ Cr.A.#s: _____
_02 02014553_
_02 0300603)_

☐ Title 11HAB. OFFENDER _____     ☐ BOOT CAMP ELIGIBLE     ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required     ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge | [LIO if applicable] |
|-------|--------|--------|---------------------|
| 12 | IN 02.04.1739W | Burg | 3rd |
| 7 | IN 02.04.1734W | Burg | 3rd |
| 3 | IN 02.04.1730W | Burg | 3rd |
| | | VOP | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☒ all remaining charges on this indictment:

| Count | Cr.A.# | Charge |
|-------|--------|--------|
| | | |

**Sentence Recommendation/Agreement:** ☐ PSI ☒ Immediate Sentencing
6 YEARS AT L. I SUSPD FOR 6 MONTHS
AT L. IV (PLUMMER CN.) (HOLD AT L. III) BALANCE
AT L. III, II & I.

**State and Defendant agree to the following:**
☒ Restitution: _to all victims_
☐ No _____ contact w/ _____
☐ Other Conditions:
SAE & tx
dischrg VOP

DAG: _W. George_
PRINT NAME
SIGNATURE

DEF. COUNSEL: _Kevin O'Connell_
PRINT NAME
SIGNATURE

Date: _9-5-02_

DEFENDANT: _Lionell Bell_

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY _Michael mnt_

Page ____ of ____

XC: Attorney for Defendant, Defendant
Attorney General, Attorney General Worksheet

# GOVERNMENT EXHIBIT 4

1            IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
                 IN AND FOR NEW CASTLE COUNTY

2

3   STATE OF DELAWARE               CRIMINAL PROCEEDINGS

4      vs.
                      ID NO.0202014552

5

   LIONEL BELL,

6

      Defendant.

7

8

BEFORE:  THE HONORABLE RICHARD S. GEBELEIN, J.

9

10

11  APPEARANCES:

12

13          WILLIAM GEORGE, ESQUIRE
          Deputy Attorney General
          For the State

14

15          KEVIN O'CONNELL, ESQUIRE
          For the Defendant

16

17            Courtroom 4B

18           Thursday, September 5, 2002.

19           GUILTY PLEA AND SENENCING

20

21

22

23

**2**

1          September 5, 2002
2                (WHEREUPON, the following takes place in open
3    court.)
4                MR. GEORGE:  Your Honor, this is Mr. Bell.
5          Mr. Bell is entering a guilty plea to three
6    counts of burglary third, Counts III, VII, XII. He is
7    admitting to the violation of probation. The State's
8    going to recommend that he be discharged as unimproved on
9    the other violation of probation. We're going to
10   recommend a total of six years Level V suspended for six
11   months at Level IV, Plummer Center, hold at Level III,
12   the balance at Level III, II and I.
13         I'm handing to The Court the Plea Agreement
14   and the Guilty Plea Form.
15               MR. O'CONNELL:  Your Honor, this is Lionel
16   Bell standing to my right. He has executed the Guilty
17   Plea Form in my presence. I think he understood and
18   answered truthfully all of the questions on that form, he
19   understood the penalties he's exposing himself to, and he
20   asks The Court to accept this plea as knowingly
21   intelligently and voluntarily made and that there is a
22   basis in fact for it, and that he is ready to answer Your
23   Honor's questions.

Jean Preston, CSR
Official Court Reporter
500 N. King Street Suite 2609
Wilmingtron, DE. 19801-3725

1    in addition to that to get you to plead guilty?
2                THE DEFENDANT:  No.
3                THE COURT:  Has anybody threatened you or
4    forced you in any way to make you plead guilty?
5                THE DEFENDANT:  No.
6                THE COURT:  You uderstand that by pleading
7    guilty you are not going to have a trial?
8                THE DEFENDANT:  Yes.
9                THE COURT:  And that you are giving up all of
10   the rights that you would have had at a trial?
11               THE DEFENDANT:  Yes.
12               THE COURT:  These particular offenses happen to
13   be felonies and carry together a maximum of up to nine
14   years in prison and you have two years on the VOP that you
15   got, so a total consequence of the plea could be up to 11
16   years in prison.
17         Do you understand that?
18               THE DEFENDANT:  Yes.
19               THE COURT:  Has anybody promised you what
20   sentence you actually will receive?
21               THE DEFENDANT:  No.
22               THE COURT:  Have you discussed your case and
23   your rights with your lawyer?

Jean Preston, CSR
Official Court Reporter
500 N. King Street Suite 2609
Wilmingtron, DE. 19801-3725

1                THE COURT:  Are you Lionel Bell?
2                THE DEFENDANT:  Yes, I am.
3                THE COURT:  Are you presently under the
4    influence of either alcohol or drugs?
5                THE DEFENDANT:  No, I'm not.
6                THE COURT:  Have you freely and voluntarily
7    decided to enter these pleas today?
8                THE DEFENDANT:  Yes, I have.
9                THE COURT:  The Plea Agreement says that you
10   are going to enter please of guilt to three counts of
11   burglary third degree. The State in return is going to
12   enter a nolle prosequi or drop all of the remaining
13   charges against you and is going to recommend immediate
14   sentencing, six years in prison suspended for six months
15   at Level V, for Work Release. You will be held at Level
16   III and the balance at Levels III, II and I. You agree to
17   make restitution to all the victims according to a
18   Presentence Report, participate in substance abuse
19   evaluation and treatment. The State's going to recommend
20   that the violation of probation be discharged.
21         Is that your understanding?
22               THE DEFENDANT:  Yes, it is.
23               THE COURT:  Has anybody promised you anything

Jean Preston, CSR
Official Court Reporter
500 N. King Street Suite 2609
Wilmingtron, DE. 19801-3725

1                THE DEFENDANT:  Yes, I have.
2                THE COURT:  Are you satisfied with his advise?
3                THE DEFENDANT:  Yes.
4                THE COURT:  Count III of the indictment charges
5    that you, on or about the 12th day of February, 2002, New
6    Castle County, State of Delaware, you did knowingly and
7    unlawfully enter into a bauilding located at 1801 North
8    Broom Street with the intent to commit the crime of theft
9    therein.
10         Did you do that?
11               THE DEFENDANT:  No, I didn't.
12               MR. O'CONNELL:  May I have a moment, Your
13   Honor?
14               THE COURT:  Sure.
15               (WHEREUPON, there is a discussion off the
16   record.)
17               MR. O'CONNELL:  He didn't understand the
18   question, Your Honor. If you could ask him again?
19               THE COURT:  Okay. Basically, what this charges
20   is that you on or about the 12th day of February, 2002,
21   you or one or the other co-defendants in this case,
22   knowingly and unlawfully entered into a building located
23   at 1801 North Broom Street, intending to steal something.

Jean Preston, CSR
Official Court Reporter
500 N. King Street Suite 2609
Wilmingtron, DE. 19801-3725

1    Were you involved in that?
2    THE DEFENDANT: Yes, I was involved.
3    THE COURT: Okay. And it is your desire to
4    enter a plea of guilt to it today?
5    THE DEFENDANT: Yes.
6    THE COURT: Count VII charges, likewise, that
7    on the 20th day of February, 2002, New Castle County,
8    State of Delaware, you or one of the co-defendants
9    knowingly entered or remained unlawfully in 1801 West
10    Broom Street, with the intent to commit theft.
11    Again, you were involved in that?
12    THE DEFENDANT: Yes.
13    THE COURT: And you want to enter a plea of
14    guilty?    THE DEFENDANT: Yes.
15    THE COURT: Count 12 charges that you, on or
16    about the 20th day of February, 2002, New Castle County,
17    State of Delaware, did knowingly, or one of the
18    co-defendants, entered or remained unlawfully in a
19    building known 1618 Keen Street, with the intent to commit
20    the crime of theft?
21    Again, were you involved in that?
22    THE DEFENDANT: Yes.
23    THE COURT: And you want to plead guilty to it?

1    answer my me plea and give me Work Release. I think it's
2    a lot better Level V; at least I would be working.
3    That's all I can ask.
4    THE COURT: Mr. Bell, I guess obviously you're
5    a young man, and as the State has indicated there is not a
6    significant criminal record here.
7    However, I do note that the other offense that
8    you pled guilty to in December of 2001 was a felony.
9    This is a felony. You are acquiring a record that's
10    going to get you qualified at an early age of being an
11    habitual offender if you keep doing things like this.
12    The State is being I think fairly generous
13    today not asking you to go to jail for these burglaries
14    you were involved in.
15    It would be my suggestion to you to take
16    advantage of that break and get through this probation in
17    a way that doesn't bring you back before the Court
18    because I don't think you can expect them to give you the
19    same sort of break the next time.
20    Okay. So, with regard to zero, 0201739, pay
21    the costs of prosecution, you are to make restitution
22    according to a present memorandum, that you be placed in
23    the custody of the Department of Corrections for a period

1    THE DEFENDANT: Yeah.
2    THE COURT: The Court finds your guilty pleas
3    to be knowingly, voluntarily and intelligently made and I
4    direct that a finding of guilt be entered.
5    MR. O'CONNELL: Your Honor, with respect to
6    sentencing. This gentleman is working right now. He
7    should be working today at Sears as a matter of fact.
8    The State recognizes he doesn't have as a significant
9    record as the other defendants in the case nor was he
10    probably as directly involved in the burglaries as they
11    were. Nonetheless, he did participate.
12    We think the sentencing recommendation is
13    appropriate. Work Release is a step up from what he was
14    on before.
15    Hopefully, that type of supervision will get
16    him on the right track so you won't see him back in court
17    again.
18    We ask that The Court follow the
19    recommendations.
20    Thank you.
21    THE COURT: Okay. Mr. Bell, is there anything
22    that you would like to say?
23    THE DEFENDANT: I just ask that The Court

1    of two years Level V incarceration to begin on September
2    5, 2002. That is suspended for two years Level IV.
3    That's going to be Work Release. After six months that
4    is reduced to Level III for eighteen months. You will be
5    held at Level III until Level IV is available.
6    With regard to 02041734 it is the order of The
7    Court that you pay the costs of prosecution, pay a fine
8    in the amount of a $100 plus the surcharges, that you be
9    placed in the custody of the Department of Corrections
10    for two years Level V to run consecutive. That is
11    suspended for two years initially at Level II, probation.
12    After one year that is reduced to level one for the
13    remaining year.
14    With regard to 02041730, it is the order of
15    The Court that you pay the costs of prosecution, pay a
16    fine in the amount of a $100 plus the surcharge, two
17    years Level V to run consecutive. That is suspended for
18    two years, Level II, to run concurrent to the probation
19    in 1734. After one year that is reduced to Level I for
20    one year.
21    01110105 is discharged as unimproved.
22    It is the order of The Court that you be
23    eevaluated by the Treatment Access Center and be subject

GUILTY PLEA AND SENTENCING          **10**

1   to their supervision for treatment purposes.

2          Good luck.

3          (WHEREUPON, the proceeding are concluded.)

4   STATE OF DELAWARE)

5   NEW CASTLE COUNTY)

6          CERTIFICATE OF COURT REPORTER

7          I, Jean Preston, Official Court Reporter of the

8   Superior Court, State of Delaware, do hereby certify

9   that the foregoing is an accurate transcription of the

10  proceedings had as reported by me in the Superior Court

11  of the State of Delaware, in and for New Castle County,

12  in the case herein stated, as the same remains of record

13  in the Office of the Prothonotary at Wilmington,

14  Delaware, and that I am neither of counsel nor kin to

15  any party or participant in said action, nor interested

16  in the outcome thereof.

17         This certification shall be considered null and

18  void if this transcript is disassembled in any manner by

19  any party without authorization of the signatory below.

20

21         WITNESS my hand this     day of MARCH, 2007

22                    Jean Preston, CSR

23                  Official Court Reporter

                      Jean Preston, CSR
                    Official Court Reporter
                 500 N. King Street Suite 2609
                  Wilmingtron, DE. 19801-3725

# GOVERNMENT EXHIBIT 5

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

(27)

STATE OF DELAWARE

     VS.

LIONEL BELL

Alias: NO ALIASES

DOB: 11/23/1982
SBI: 00460715

CASE NUMBER:
0202014552

CRIMINAL ACTION NUMBER:
  IN02-04-1739W
  BURGLARY 3RD(F)
  IN02-04-1734W
  BURGLARY 3RD(F)
  IN02-04-1730W
  BURGLARY 3RD(F)

RELEASE

## MODIFIED SENTENCE ORDER

NOW THIS  8TH DAY OF JANUARY, 2004,  IT IS THE ORDER OF
THE COURT THAT:  THE ORDER DATED September  5, 2002  IS
HEREBY MODIFIED  AS FOLLOWS:

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.

AS TO IN02-04-1739-W : TIS
BURGLARY 3RD

The defendant shall pay his/her restitution
joint/severally as follows: See attached list of Payees.

Effective September  5, 2002  the defendant is sentenced
as follows:

- The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5

- Suspended immediately

- For 2 year(s)  supervision level 4 WORK RELEASE
**APPROVED ORDER**       1       January 14, 2004 15:01

STATE OF DELAW. ⸱⸱
        VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

- Suspended after serving 6 month(s)  at supervision level 4

- For 18 month(s)  supervision level 3

- Hold at supervision level 3

- Until space is available at supervision level 4 **WORK RELEASE**

AS TO IN02-04-1734-W : TIS
BURGLARY 3RD

The defendant is to pay a fine in the amount of $100.00 plus all surcharges and fees (see attachment).

The defendant shall pay his/her restitution joint/severally as follows: See attached list of Payees.

- The defendant is placed in the custody of the Department of Correction for 2 year(s) at supervision level 5

- Suspended immediately

- For 2 year(s)  supervision level 2

- Suspended after serving 1 year(s)  at supervision level 2

- For 1 year(s)  supervision level 1

Probation is consecutive to criminal action number 02-04-1739

AS TO IN02-04-1730-W : TIS
BURGLARY 3RD

The defendant is to pay a fine in the amount of $100.00 plus all surcharges and fees (see attachment).

The defendant shall pay his/her restitution joint/severally as follows: See attached list of Payees.

**APPROVED ORDER**    2    January 14, 2004 15:01

STATE OF DELAW   ε
        VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

- The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5

- Suspended immediately

- For 2 year(s)   supervision level 2

- Suspended after serving 1 year(s)  at supervision level 2

- For 1 year(s)   supervision level 1

Probation is concurrent to criminal action number
02-04-1734 .

**APPROVED ORDER**      3      January 14, 2004 15:01

SPECIAL CONDITIONS BY    DER

STATE OF DELAWARE
    VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

CASE NUMBER:
0202014552


The defendant shall pay any monetary assessments ordered
during the period of probation pursuant to a schedule of
payments which the probation officer will establish.


## NOTES

NOTE:    The sentence in VN01-11-0105-01 is discharged
unimproved.

=====

The order dated September 5, 2002 is modified as follows:

(2) Restitution in the amount of $4,573.52 is ordered to be
paid to Salesianum School.

(7) Restitution in the amount of $4,144.25 is ordered to be
paid to Flik Corporation Insurance.

(5) Restitution in the amount of $396.94 is ordered to be paid
to Kid Shelleens.

(9) Restitution in the amount of $730.00 is ordered to be paid
to Zurich Insurance.

(3) Restitution in the amount of $2,177.40 is ordered to be
paid to Dead Presidents Pub.

(8) Restitution in the amount of $4,092.55 is ordered to be
paid to Hartford Mutual Insurance Company.

(4) Restitution in the amount of $1,991.00 is ordered to be
paid to Kozy Korner Restaurant.

(6) Restitution in the amount of $4,700.00 is ordered to be
paid to AIG Insurance.

(1) Restitution in the amount of $640.00 is ordered to be paid
to Traci Parman.

In all other respects, the order dated September 5, 2002
shall remain the same.

**APPROVED ORDER**      4      January 14, 2004 15:01

STATE OF DELAW  E
         VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

=====

_____

JUDGE RICHARD S GEBELEIN

2004 JAN 15 PM 2:34
PROTHONOTARY
FILED

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY _Michael Mast_

**APPROVED ORDER**    5    January 14, 2004 15:01

FINANCIAL SUMMARY

```
STATE OF DELAWARE
       VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715
```

                              CASE NUMBER:
                              0202014552


SENTENCE CONTINUED:

| | |
|---|---:|
| TOTAL DRUG DIVERSION FEE ORDERED | |
| TOTAL CIVIL PENALTY ORDERED | |
| TOTAL DRUG REHAB. TREAT. ED. ORDERED | |
| TOTAL EXTRADITION ORDERED | |
| TOTAL FINE AMOUNT ORDERED | 200.00 |
| FORENSIC FINE ORDERED | |
| RESTITUTION ORDERED | 23445.66 |
| SHERIFF, NCCO ORDERED | 5.80 |
| SHERIFF, KENT ORDERED | |
| SHERIFF, SUSSEX ORDERED | |
| PUBLIC DEF, FEE ORDERED | 50.00 |
| PROSECUTION FEE ORDERED | 100.00 |
| VICTIM'S COM ORDERED | 36.00 |
| VIDEOPHONE FEE ORDERED | 3.00 |

---

TOTAL                                       23,840.46


**APPROVED ORDER**      6      January 14, 2004 15:01

## SURCHARGES

STATE OF DELAWARE
          VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

CASE NUMBER:
    0202014552

| CRIM ACTION # | DESCRIPTION | AMOUNT |
|---|---|---|
| IN02-04-1734 | VCF | 18.00 |
| IN02-04-1730 | VCF | 18.00 |

**APPROVED ORDER**    7    January 14, 2004 15:01

RESTITUTION SUMM'

STATE OF DELAWARE
      VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

                        CASE NUMBER:
                        0202014552


**AS TO IN02-04-1739 :**
The defendant shall pay restitution
joint/severally as follows:
    $      2177.40 to DEAD PRESIDENTS PUB
    $      4092.55 to HARTFORD MUTUAL INS.
    $      1991.00 to KOZY KORNER
    $      4700.00 to AIG INSURANCE
    $       640.00 to TRACI  PARMAN

**AS TO IN02-04-1734 :**
The defendant shall pay restitution
joint/severally as follows:
    $       396.94 to KID SHELLEENS
    $       730.00 to ZURICH INSURANCE

**AS TO IN02-04-1730 :**
The defendant shall pay restitution
joint/severally as follows:
    $      4573.52 to SALESIANUM H. S.
    $      4144.25 to FLIK CORP. (INS.)

# GOVERNMENT EXHIBIT 6

RULE 9 SUMMONS - RE-INDICTMENT BELL, NOBLE AND RUTHERFORD ONLY

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| THE STATE OF DELAWARE | ) | |
| | ) | |
| V. | ) | INDICTMENT BY THE GRAND JURY |
| | ) | |
| | ) | |
| LIONEL BELL | ) I.D. # | 0305018856 |
| STEVEN GRIMES | ) | 0305018737 |
| ROAN NOBLE | ) | 0305018860 |
| DAMON RUTHERFORD | ) | 0305018872 |

The Grand Jury charges LIONEL BELL, STEVEN GRIMES, ROAN NOBLE AND

DAMON RUTHERFORD with the following offenses:

## COUNT I.  A FELONY

T#N 03 - 09 - 1971

T#N 03 - 09 - 0146

T#N 03 - 09 - 1975

T#N 03 - 09 - 1979

ROBBERY FIRST DEGREE in violation of Title 11, Section 832 of the Delaware

Code of 1974, as amended.

LIONEL BELL, STEVEN GRIMES, ROAN NOBLE AND DAMON

RUTHERFORD, on or about the 26th day of May, 2003, in the County of New Castle, State

of Delaware, when in the course of committing theft, did use or threaten the immediate use of

force upon Joseph Toner, with intent to prevent or overcome resistance to the taking of

property or to the retention thereof immediately after the taking or with the intent to compel

said person to deliver up property or to engage in other conduct which aided in the commission

of the theft, and in the course of the commission of the crime or the immediate flight

therefrom, one of them caused physical injury to Joseph Toner, who was not a participant in

the crime.

## COUNT II. A FELONY

*T#N 03 - 09 - 1972*
*T#N 03 - 09 - 0147*
*T#N 03 - 09 - 1976*
*T#N 03 - 09 - 1980*

**POSSESSION OF A FIREARM DURING THE COMMISSION OF A FELONY** in

violation of Title 11, Section 1447A of the Delaware Code of 1974, as amended.

**LIONEL BELL, STEVEN GRIMES, ROAN NOBLE AND DAMON**

**RUTHERFORD**, on or about the 26th day of May, 2003, in the County of New Castle, State

of Delaware, did knowingly possess a gun, a firearm as defined by Title 11, Section 222 of the

Delaware Code of 1974, as amended, during the commission of Robbery First Degree, a

felony as set forth in Count I of this indictment which is incorporated herein by reference.

## COUNT III. A FELONY

*T#N 03 - 09 - 197_*
*T#N 03 - 09 - 0148*
*T#N 03 - 09 - 1977*
*T#N 03 - 09 - 1981*

**ASSAULT FIRST DEGREE** in violation of Title 11, Section 613 of the Delaware

Code of 1974, as amended.

**LIONEL BELL, STEVEN GRIMES, ROAN NOBLE AND DAMON**

**RUTHERFORD**, on or about the 26th day of May, 2003, in the County of New Castle, State

of Delaware, did recklessly engage in conduct which created a substantial risk of death to

Joseph Toner by, *inter alia,* struggling with him while in possession of a loaded firearm,

which conduct caused serious physical injury to Joseph Toner.

## COUNT IV.  A FELONY

TR #N 03 – 09 – 1974
TR #N 03 – 09 – 1978
TR #N 03 – 09 – 1982
#N _____

**CONSPIRACY SECOND DEGREE** in violation of Title 11, Section 512 of the

Delaware Code of 1974, as amended.

**LIONEL BELL, ROAN NOBLE AND DAMON RUTHERFORD**, on or about the

26th day of May, 2003, in the County of New Castle, State of Delaware, when intending to

promote or facilitate the commission of the felony of Robbery, did agree with each other

and/or Steven Grimes and/or an unknown female that they or one or more of them would

engage in conduct constituting said felony or an attempt or solicitation to commit said felony,

and the defendant or one of the co-conspirators did commit an overt act in pursuance of said

conspiracy by committing said felony as set forth in Count I of this Indictment which is herein

incorporated by reference.

## COUNT V. A FELONY

*T#N   03 - 09 - 014*

**CARRYING A CONCEALED DEADLY WEAPON** in violation of Title 11, Section

1442 of the Delaware Code of 1974, as amended.

**STEVEN GRIMES**, on or about the 26th day of May, 2003, in the County of New

Castle, State of Delaware, did knowingly and unlawfully carry concealed upon or about

his person a gun, a deadly weapon as defined by Title 11, Section 222 of the Delaware Code of

1974, as amended.

## COUNT VI. A FELONY

*T#N   03 - 09 - 1764*

**CARRYING A CONCEALED DEADLY WEAPON** in violation of Title 11, Section

1442 of the Delaware Code of 1974, as amended.

**STEVEN GRIMES**, on or about the 26th day of May, 2003, in the County of New

Castle, State of Delaware, did knowingly and unlawfully carry concealed upon or about

his person a gun, a deadly weapon as defined by Title 11, Section 222 of the Delaware Code of

1974, as amended.

## COUNT VII. A MISDEMEANOR

*T#N 03 - 09 - 1765*

**POSSESSION OF A NON-NARCOTIC SCHEDULE I CONTROLLED**

**SUBSTANCE** in violation of Title 16, Section 4754 of the Delaware Code of 1974, as

amended.

**STEVEN GRIMES**, on or about the 26th day of May, 2003, in the County of New

Castle, State of Delaware, did knowingly and unlawfully possess Marijuana, a Non-Narcotic

Schedule I Controlled Substance as classified under Title 16, Section 4714 (d)(19) of the

Delaware Code of 1974, as amended.

A TRUE BILL

(FOREPERSON)

ATTORNEY GENERAL

DEPUTY ATTORNEY GENERAL

2003 SEP 22  PM 4:46

FILED
PROTHONOTARY

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY

# GOVERNMENT EXHIBIT 7

Superior Court ~f the State of Delaware, _NEW CASTLE_ County

# PLEA AGREEMENT

JDH

State of Delaware v. _LIONEL BELL_

Case No(s): _0305018856_ Cr.A.#s: _____

☐ Title 11 HAB. OFFENDER _____      ☐ BOOT CAMP ELIGIBLE        ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☐ Title 11, §4336, sex offender notification required      ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge | [LIO if applicable] |
|---|---|---|---|
| ~~4~~ | ~~N 03-09-1971~~ | ~~ROBBERY 2 [LIO 11/831]~~ | |
| 3 | N 03-09-1973 | ASSAULT 2 [LIO 11/612] | 612(a)(2) |
| 2 | N 03-09-1972 | PDWDCF [LIO 11/1447] | |

Upon the sentencing of the defendant, a **nolle prosequi** is entered on ☐ the following charges/☑ all remaining charges on this indictment: _0305018856_

| Count | Cr.A# | Charge |
|---|---|---|
| | | |
| | | |
| | | |

**Sentence Recommendation/Agreement:** ☐ PSI  ☑ Immediate Sentencing
PDWDCF - 5 yrs L V sus aft 2 yrs (min man) for 18 mos LTII
ASSAULT 2 - 5 yrs L V sus for 18 mos LTII (concurrent)

**State and Defendant agree to the following:**
☐ Restitution: _____
☑ No _____            contact w/ _JOSEPH TONER_
☐ Other Conditions: _____
_____
_____
_____
_____

DAG: _ANDREW J. VELLA_          DEF. COUNSEL: _Kester I.H. Crosse_
    PRINT NAME                                PRINT NAME

_[signature]_                          _[signature]_
    SIGNATURE                                SIGNATURE

                             DEFENDANT: _Lionel Bell_

Date: _3/2/04_

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY _Michael Mark_

Page ____ of ____

XC: Attorney for Defendant, Defendant
    Attorney General, Attorney General Worksheet

# GOVERNMENT EXHIBIT 8

IN ' ' SUPERIOR COURT OF THE ST  ' OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE

    VS.

LIONEL BELL

Alias: NO ALIASES

DOB: 11/23/1982
SBI: 00460715

CASE NUMBER:                    CRIMINAL ACTION NUMBER:
0305018856                         PN03-09-1972
                                   PDWDCF(F)
                                   LIO:PFDCF
                                   PN03-09-1973
                                   ASLT 2ND(F)
                                   LIO:ASSAULT 1ST

CONSOLIDATED-CASE
CONSOLIDATED-VOP

## SENTENCE ORDER

NOW THIS  2ND DAY OF MARCH, 2004, IT IS THE ORDER OF THE
COURT THAT:

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.

 AS TO PN03-09-1972- : TIS
 PDWDCF

Effective June  3, 2003  the defendant is sentenced
as follows:

 - The defendant is placed in the custody of the Department
of Correction for 5 year(s) at supervision level 5

 - Suspended after serving 2 year(s)  at supervision level 5

 - For 2 year(s)  supervision level 3

 - Suspended after serving 12 month(s)  at supervision
 level 3

**APPROVED ORDER**    1     March 18, 2004 16:03

STATE OF DELAWARE
                VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

- For 12 month(s)   supervision level 2

The first 2 years   of this sentence is a mandatory term
of incarceration pursant to DE1114470000FB .

AS TO PN03-09-1973- : TIS
ASLT 2ND

- The defendant is placed in the custody of the Department
of Correction for 5 year(s) at supervision level 5

- Suspended immediately

- For 2 year(s)   supervision level 2

Probation is concurrent to criminal action number
03-09-1972 .

2004 MAR 26  PH 2: 30
FILED
PROTHONOTARY

**APPROVED ORDER**      2      March 18, 2004 16:03

<u>SPECIAL CONDITIONS BY CᵒᵒER</u>

STATE OF DELAWARE
     VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

                                CASE NUMBER:
                                0305018856

The defendant shall pay any monetary assessments ordered
during the period of probation pursuant to a schedule of
payments which the probation officer will establish.

Have no contact with Joseph Toner.

<u>NOTES</u>

Pursuant to S.B. 50, this case is consolidated with ID #
0202014552; Cr .A. No. VN02-04-1739-04, VN02-04-1730-04,
and VN 02-04-1734-04, terms and conditions apply to all
cases.

JUDGE JEROME O HERLIHY

FILED PROTHONOTARY 2004 MAR 26 PM 2: 30

CERTIFIED AS A TRUE COPY
ATTEST SHARON AGNEW
PROTHONOTARY
BY

**APPROVED ORDER**     3     March 18, 2004 16:03

FINANCIAL SUMMARY

STATE OF DELAWARE
        VS.
LIONEL BELL
DOB: 11/23/1982
SBI: 00460715

                        CASE NUMBER:
                        0305018856


SENTENCE CONTINUED:

TOTAL DRUG DIVERSION FEE ORDERED

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED

FORENSIC FINE ORDERED

RESTITUTION ORDERED

SHERIFF, NCCO ORDERED

SHERIFF, KENT ORDERED

SHERIFF, SUSSEX ORDERED

PUBLIC DEF, FEE ORDERED                     50.00

PROSECUTION FEE ORDERED                    100.00

VICTIM'S COM ORDERED

VIDEOPHONE FEE ORDERED                       2.00

_____

TOTAL                                      152.00

Social Security
#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

**APPROVED ORDER**    4    March 18, 2004 16:03