UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3175

_____

UNITED STATES OF AMERICA

vs.

LIONEL BELL,
        <u>Appellant</u>

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim No. 06-cr-00069 )
District Judge:  Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 24, 2008
Before:  McKEE, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>.

_____

<u>JUDGMENT</u>

  This cause came to be heard on the record from the United States District Court for the District of Delaware and was submitted on July 24, 2008.

  On consideration whereof, it is here now ORDERED AND ADJUDGED by this Court that the Order of the District Court entered July 16, 2007 be, and the same is hereby affirmed.

All of the above is in accordance with the Opinion of this Court.

ATTEST:

_____
Marcia M. Waldron
Dated: July 30, 2008                                          Clerk

**Certified as a true copy and issued in lieu of a formal mandate on** _08/21/2008_

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3175
_____

UNITED STATES OF AMERICA

vs.

LIONEL BELL,
        <u>Appellant</u>

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim No. 06-cr-00069 )
District Judge: Honorable Gregory M. Sleet

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 24, 2008
Before: McKEE, FUENTES and WEIS, <u>Circuit</u> <u>Judges</u>.

(Filed: July 30, 2008)
_____

<u>OPINION</u>
_____

WEIS, <u>Circuit Judge</u>.

   Lionel Bell appeals the 180-month sentence he received in the District Court. We will affirm.

On December 8, 2006, Bell pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). After a sentencing hearing, the Court held that the Armed Career Criminal Act's ("ACCA") mandatory-minimum sentence of fifteen years, 18 U.S.C. § 924(e), applied and Bell was sentenced to 180 months incarceration, followed by four years of supervised release.

The ACCA provides that "[i]n the case of a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). A "violent felony" is defined as

> "any crime punishable by imprisonment for a term exceeding one year . . . that–
> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical risk to another."

18 U.S.C. § 924(e)(2)(B).

At issue in this appeal is whether Bell's three prior Delaware state convictions for burglary in the third degree qualify as a violent felonies for purposes of the ACCA. Bell concedes that a prior Delaware conviction for assault in the second degree was a "violent felony." Consequently, if two of Bell's prior burglary in the third degree convictions constitute "burglary" under § 924(e)(2)(B)(ii), the mandatory-

minimum sentence was proper.

Delaware's burglary in the third degree statute provides, "A person is guilty of burglary in the third degree when the person knowingly enters or remains unlawfully in a building with intent to commit a crime therein."[1] 11 Del. C. § 824. A "building" is defined as "any structure, vehicle or watercraft." 11 Del. C. § 222(1).

The Supreme Court has held that a state burglary conviction is a predicate burglary offense under § 924(e)(2)(B)(ii) only if the offense was "generic" burglary. Taylor v. United States, 495 U.S. 575, 598 (1990). "Generic" burglary is an offense "committed in a building or enclosed space
. . . not in a boat or motor vehicle." Shepard v. United States, 544 U.S. 13, 16 (2005).

The Government concedes that the expansive definition of "building" in Delaware's third-degree burglary statute criminalizes actions that would not amount to generic burglary. Since Bell pleaded guilty to each burglary conviction, we must examine the "charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," id., in order to ascertain whether the convictions were for generic burglary.

---

[1] Burglary in the third degree is a class F felony that carries a potential sentence of up to three years imprisonment. See 11 Del. C. § 4205(b)(6). Therefore, a conviction for burglary in the third degree satisfies the ACCA's requirement that a predicate offense be "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B).

3

When Bell pleaded guilty to his three prior burglary offenses the following exchange occurred,

> "THE COURT: Count VII charges . . . that . . . you or one of the co-defendants knowingly entered or remained unlawfully in 1801 West Broom Street,[2] with the intent to commit theft. Again, you were involved in that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you want to enter a plea of guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Count 12 charges that you . . . did knowingly, or one of the co-defendants, entered or remained unlawfully in a building known 1618 Keen Street [sic],[3] with the intent to commit the crime of theft? Again, were you involved in that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you want to plead guilty to it?
>
> THE DEFENDANT: Yeah."

With respect to the former offense, Bell admitted to "knowingly enter[ing] or remain[ing] unlawfully in 1801 West Broom Street." (App. 117). The clear import of this admission is that the offense occurred in an enclosed space. Bell also admitted to "enter[ing] or remain[ing] unlawfully in a building known [as] 1618 Keen Street." Even if the Court was employing "building" in the expansive manner that it is defined in the Delaware

---

[2] The correct address was 1801 N. Broom Street.

[3] The correct address was 618 N. Union Street.

Code, use of the modifier "known [as] 1618 Keen Street" makes it obvious that Bell admitted to burglarizing an enclosed space.

In sum, we conclude that the District Court correctly determined that Bell is subject to a mandatory fifteen-year prison term under the ACCA because two of Bell's prior third-degree burglary convictions are predicate burglary offenses under § 924(e)(2)(B)(ii). The colloquy that occurred when Bell pleaded guilty to the burglary offenses clearly demonstrates that he admitted to committing at least two of the offenses in an enclosed space. As such, those offenses were generic burglaries that qualify as "violent felonies" for purposes of § 924(e)(2)(B).

Accordingly, the judgment of the District Court will be affirmed.